UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAUN CHALLENGER BURNS                                                                PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:10CV483-LG-RHW

MICHAEL J. ASTRUE                                                                     DEFENDANT

**PROSPOSED FINDINGS OF FACT AND RECOMMENDATION**

This cause is before the Court on Defendant Michael J. Astrue's [12] Motion to Dismiss for Lack of Jurisdiction. On October 1, 2010, Plaintiff Daun Challencer Burns, proceeding *pro se* and *in forma pauperis*, filed a one-page complaint alleging that the Social Security Administration improperly withheld past due benefits in the amount of $34,999. He further seeks compensation for "undue pain and suffering" and "mental anguish". In an amended complaint filed on May 31, 2011, Burns alleges that the SSA owes him $12,838 in retroactive benefits. He requests the payment of these past due benefits and monthly Supplemental Security Income (SSI) benefits. Burns also seeks compensation for undue stress and mental anguish as well as discrimination.

In April 2006, Plaintiff filed applications for disability, retroactive disability insurance benefits (DIB) and SSI. An administrative law judge (ALJ) denied Burns' applications on October 15, 2008. On August 11, 2009, the Appeals Council granted Burns' request for review, vacated the ALJ's decision, and remanded Plaintiff's case to an ALJ for a new decision. Despite the procedural posture, Burns filed a complaint in the United States District Court seeking review of the Commissioner's decision. *See Burns v. Astrue*, Civil Action No. 1:09cv691-HSO-RHW (S.D. Miss.). The Court ultimately dismissed Burns' complaint for lack of subject-matter jurisdiction.

In the meantime, on February 18, 2010, an ALJ issued a decision finding Burns disabled

for purposes of DIB and SSI. In support of its motion to dismiss, Defendant submitted the affidavit of Marshall McKay, a Disability Insurance Program Specialist with the Social Security Administration (SSA) explaining the administrative history and current posture of Burns' social security application and award. On March 10, 2010, the SSA issued a notice of award advising Plaintiff that he was eligible for SSI and that past due SSI payments would be made in three installments, six months apart. The notice further advised Burns that if he disagreed with the SSA's decision, he had 60 days to ask for an appeal. The notice also explained the appeal process. It is undisputed that Burns did not appeal any part of the March 10, 2010, notice of award.

On March 25, 2010, the SSA informed Burns that he was not eligible for SSI payments for April 2010 and beyond. Again, the SSA advised Plaintiff that if he disagreed with the SSA's decision, he had 60 days to ask for an appeal. The notice also explained the appeal process. It is undisputed that Burns did not appeal any part of the March 25, 2010, notice.

On March 27, 2010, the SSA issued a notice of award advising Burns that he was entitled to DIB beginning September 2006. In the notice, the SSA advised Burns that certain amounts would be deducted or withheld. The SSA advised Plaintiff that if he disagreed with the SSA's decision he had 60 days to ask for an appeal. The notice also explained the appeal process. It is undisputed that Burns did not appeal any part of the March 27, 2010, notice.

On October 30, 2010, the SSA sent a letter to Burns' representative payee explaining the payments due to Burns, including the reasons for withholding any portion of payments. Specifically, the SSA advised Burns that because he was receiving DIB, he should have been paid $18,026.22 less in SSI. Instead of requiring Burns to repay the SSI he already had received,

2

SSA reduced his DIB by $18,026.22. The SSA advised Burns that if he disagreed with the SSA's decision, he had 60 days to ask for an appeal. The notice also explained the appeal process. It is undisputed that Burns did not appeal the October 30, 2010, notice.

On March 9, 2011, the SSA again sent a letter to Burns' representative payee explaining the computation of DIB payments through February 2011, and that Burns would be receiving monthly DIB payments of $874 for March 2011 and thereafter. The SSA advised Burns that if he disagreed with the SSA's decision, he had 60 days to ask for an appeal. The notice also explained the appeal process. It is undisputed that Burns did not appeal the October 30, 2010, notice.

At the time Defendant filed the instant motion to dismiss, the SSA's computer records indicated that the agency was currently considering the amount of past-due DIB to which Burns' attorney is entitled for representation of Burns at the administrative level. As explained in McKay's affidavit, once SSA pays Burns' administrative representative, SSA will release the remaining past-due DIB to Burns.

## LAW AND ANALYSIS

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests with the party asserting jurisdiction of the court. *Id.* When challenging a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction, the plaintiff bears the burden of proving jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A Rule 12(b)(1) motion should be granted when it is certain that the plaintiff cannot prove a plausible set of facts that

establish subject-matter jurisdiction. *Lane v. Halliburton*, 548, 557 (5th Cir. 2008). In considering a Rule 12(b)(1) motion, a court is permitted to look beyond the complaint to undisputed facts in the record. *See Wolcott v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011).

Burns raises claims regarding entitlement to DIB and SSI, as well as the calculation of any retroactive benefits to which he might be entitled. As such, his claims arise under the Social Security Act. *See* 42 U.S.C. 402(d)(1). Judicial review of claims arising under the Act are governed by 42 U.S.C. § 405(g); *see Heckler v. Ringer*, 466 U.S. 602, 614-15, 62 (1984). Section 405(g) states that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he is a party, irrespective of the amount in controversy, may obtain review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 405(g) is the sole avenue for judicial review of claims arising under the Act. *See Heckler*, 466 U.S. at 614-15, 627. Section 405(g) limits judicial review to final decisions made by the Commissioner. *See Califano v. Sanders*, 430 U.S. 99, 108 (1977). "A court should not review the Commissioner's final decision unless the claimant has exhausted his administrative remedies." *McQueen v. Apfel*, 168 F.3d 152, 155 (5th Cir. 1999). Accordingly a district court does not have jurisdiction over a claim against the SSA unless the claimant has first exhausted his administrative remedies. *See Mathews v. Eldridge*, 424 U.S. 319, 326-28 (1976); *Sipp v. Astrue*, 641 F.3d 975, 979-80 (8th Cir. 2011).

The SSA awarded SSI and DIB benefits to Burns. At issue are past due benefits claimed by Burns. Beginning March 10, 2010, the SSA sent numerous notices and letters to Burns explaining the computation of benefits owed and the manner in which these benefits would be

4

paid. The SSA repeatedly advised Burns of his right to appeal the SSA's decisions; however, there is no indication in the record that Burns pursued any administrative reconsideration or appeal of these decisions. Hence, Defendant filed the instant motion to dismiss asserting that Burns has not exhausted his administrative remedies with respect to the SSA's determination of benefits owed.

In a one-paragraph response to Defendant's motion to dismiss, Burns makes no effort to rebut Defendant's assertion that he failed to exhaust administrative remedies. Rather, he simply re-asserts his belief that he is entitled to unpaid, retroactive benefits, and that the Court should award benefits for undue mental anguish and stress. He also asserts entitlement to SSI benefits and compensation based on racial discrimination. Burns also filed a three-page [15] motion for judgment on December 15, 2011, making essentially the same assertions.

Courts may excuse the exhaustion requirement if the claim at issue is a constitutional challenge collateral to a substantive claim of entitlement to benefits and plaintiff makes a colorable showing that her injury would not be remedied by the retroactive payment of benefits after exhaustion. *See Bowen v. City of New York*, 476 U.S. 467, 483-85 (1986); *Ringer*, 466 U.S. at 618. In his complaint, Plaintiff requests compensation for undue stress, mental anguish, and discrimination. However, Plaintiff presents no factual allegations in support of these conclusory assertions and fails to make out any colorable showing that his alleged injury could not be remedied by retroactive payment of any benefits to which Plaintiff may be entitled. As such, the undersigned concludes that the exceptions to the exhaustion requirement do not apply in this case.

The undersigned finds that the SSA notices, including those regarding Burns' ineligibility

for SSI and adjustments to his DIB past due payments, were initial determinations which Burns could have appealed. He did not request reconsideration of these initial determinations. Only a final decision after exhaustion of administrative remedies is subject to judicial review under 42 U.S.C. § 405(g). The undersigned finds that Burns has not exhausted his administrative appeals with respect to his claim for retroactive benefits or any of the other claims outlined in his complaint or amended complaint. Accordingly, the undersigned finds that his lawsuit should be dismissed based on the Court's lack of subject-matter jurisdiction.

To the extent that Plaintiff's lawsuit could be construed as a request for relief under the Mandamus Act, 28 U.S.C. § 1361, the undersigned concludes that Plaintiff has failed to demonstrate jurisdiction by this avenue. A district court has original jurisdiction under the Mandamus Act over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Supreme Court has declined to decide whether 42 U.S.C. § 405(g) and (h) bar mandamus jurisdiction. *See Your Home Visiting Nurse Servs. v. Shalala*, 525 U.S. 449, 456 n.3; *Ringer*, 466 U.S. at 616-17. While § 405(h) does not preclude mandamus jurisdiction "to review otherwise unreviewable procedural issues", *Wolcott*, 635 F.3d at 766, there is no indication in this case that Burns' claims constitute unreviewable procedural issues. To the contrary, Plaintiff had the opportunity to seek administrative review but failed to do so. Moreover, in order to be entitled to Mandamus relief, Plaintiff also must demonstrate that he has a clear right to relief, that the defendant has a clear duty to act, and no other adequate remedy exists. *Wolcott*, 635 F.3d at 768. Burns fails to demonstrate that he has a clear right to relief nor that the Commissioner has a clear, nondiscretionary duty to pay retroactive DIB benefits in the amount

requested. Rather, in its notices sent to Burns, the SSA offered detailed explanations of benefits due and how they were computed. Burns then failed to pursue the available administrative remedies to challenge these determinations.

Plaintiff is demanding that the Commissioner release the last of his retroactive DIB benefits and begin monthly SSI payments. The record demonstrates that the SSA has paid Plaintiff some of the past-due DIB to which he is entitled after deducting the money he received as SSI. The SSA is currently considering the appropriate amount to award Plaintiff's representative for work performed at the administrative level. Once SSA pays Plaintiff's representative, SSA will release the remaining past-due DIB to Plaintiff. There is nothing in the record demonstrating Plaintiff's clear right to SSI payments. To the contrary, the SSA informed Plaintiff that he was not eligible for SSI because his monthly income exceeded the allowable income limits.

To the extent that Plaintiff's claims could be construed as arising under the Federal Tort Claims Act, he has failed to exhaust administrative remedies before initiating his lawsuit. *See Life Partners, Inc. v. United States*, 650 F.3d 1026, 1029-30 (5th Cir. 2011). In his response to the motion to dismiss, Plaintiff does not dispute Defendant's contention that he has failed to exhaust. Because Plaintiff has not presented an administrative claim to the SSA, the Court is without subject-matter jurisdiction to consider any claim that may arise under the FTCA. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that Defendant's [12] Motion to Dismiss be granted and that Burns' [15] Motion for Judgment be denied. The undersigned

further recommends that Burns' complaint and amended complaint be dismissed for lack of subject-matter jurisdiction.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 15th day of May, 2012.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE